PER CURIAM.
This case is before the Court on appeal from an order denying a motion to vacate a judgment of conviction of first-degree murder and a sentence of death under Florida Rule of Criminal Procedure 3.851. Because the order concerns postconviction *135 relief from a capital conviction for which a sentence of death was imposed, this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution.
Andrew Richard Lukehart was tried and convicted for the 1996 murder of five-month-old Gabrielle Hanshaw. Lukehart v. State, 776 So.2d 906, 910-11 (Fla.2000). He was sentenced to death. This Court affirmed his convictions and sentence of death, but remanded for resentencing on the aggravated child abuse conviction. Id. at 927. The United States Supreme Court denied certiorari relief. Lukehart v. Florida, 533 U.S. 934, 121 S.Ct. 2561, 150 L.Ed.2d 726 (2001).
On September 27, 2001, Lukehart filed a shell motion for postconviction relief, which the trial court struck as improper. Lukehart then filed a motion to vacate judgment and sentence pursuant to rules 3.850 and 3.851 on June 20, 2002. Claim III contained claims of ineffective assistance of counsel. The State agreed to an evidentiary hearing regarding claim III, which was held May 9-10, 2007. After the evidentiary hearing, the court denied claim III and summarily denied the remainder of Lukehart’s claims. This Court affirmed the circuit court’s denial of postconviction relief. Lukehart v. State, 70 So.3d 503, 508 (Fla.2011). In his brief on appeal, Lukehart asserted that counsel was ineffective for failing to file a motion requesting that his medication be stopped. Addressing the claim, this Court stated that Lukehart improperly raised it through a motion to amend pleadings and that such claims could be raised properly in successive postconviction motions. Id. at 514-15.
On December 19, 2011, Lukehart filed a Successive Motion to Vacate Judgment and Sentence Pursuant to 3.850(f) with Special Request for Leave to Amend raising three claims relating to his taking medication during trial. Specifically, Lukehart asserted that: (1) counsel was ineffective for failing to (a) learn the effects of the medication Lukehart was taking, (b) inform the court and the jury that Lukehart was on medication and explain its effects, (c) move the court for the medications to cease, and (d) request a continuance; (2) Lukehart was incompetent at trial due to medication; and (3) Lukehart was involuntarily required to take medication. The circuit court summarily denied the motion and subsequent rehearing. Because Lukehart’s motion is untimely, we find that the postconviction court properly summarily denied Lukehart’s motion. Further, because Lukehart did not address the merits of his claim on appeal, and because the postconviction court did not rule on the merits, we do not reach the merits of his claim. Accordingly, we affirm the circuit court’s order.
The postconviction court first determined that the motion was controlled by rule 3.851. The court noted Lukehart’s reliance on this Court’s opinion, but stated:
While the Florida Supreme Court indicated such claims could be raised via a successive motion for postconviction relief, the court never indicated Rule. 3.850 was the appropriate procedural vehicle [or rule], nor did the court excuse the Defendant from the pleading requirements of either Rule 3.850 or 3.851.... Because the Defendant’s instant Motion was filed after October 1, 2001, it falls under the purview of Rule 3.851.
Applying rule 3.851(d), the court found Lukehart’s motion procedurally time-barred because “the facts upon which the claims are predicated were known to the movant and/or could have been ascertained by the movant or the movant’s attorney by the exercise of due diligence.” Lukehart argues that (1) rule 3.850(f) controls his motion, (2) that even if rule 3.851 applies, *136 his motion was proper under rule 3.851(d)(2)(C), and (3) that it would be a miscarriage of justice for his claim not to be heard since the information came out during his evidentiary hearing for his initial postconviction motion. We disagree.
Rule 3.851(f)(5)(B) permits the denial of a successive postconviction motion without an evidentiary hearing “[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief.” When determining whether an evidentiary hearing is required on a successive rule 3.851 motion, the court may look at the entire record. Because a court’s decision whether to grant an evi-dentiary hearing on a rule 3.851 motion is ultimately based on written materials before the court, its ruling is tantamount to a pure question of law, subject to de novo review. See State v. Coney, 845 So.2d 120, 137 (Fla.2003) (holding that “pure questions of law” that are discernable from the record “are subject to. de novo review”). In reviewing a trial court’s summary denial of postconviction relief, we accept the defendant’s allegations “as true to the extent that they are not conclusively refuted by the record.” Rutherford v. State, 926 So.2d 1100, 1108 (Fla.2006) (quoting Hodges v. State, 885 So.2d 338, 355 (Fla.2004)). The summary denial of a newly discovered evidence claim will be upheld if the motion is legally insufficient or its allegations are conclusively refuted by the record. McLin v. State, 827 So.2d 948, 954 (Fla. 2002); see also Foster v. State, 810 So.2d 910, 914 (Fla.2002).
Florida Rule of Criminal Procedure 3.851 governs the timeliness of postconviction motions in capital cases. Rule 3.851(d)(1) prohibits the filing of a postcon-vietion motion more than one year after the judgment and sentence become final. An exception to the rule permits otherwise untimely motions if the movant alleges that “the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence.” Fla. R.Crim. P. 3.851(d)(2)(A).
We find that the circuit court correctly determined that Lukehart’s motion was untimely. “To be considered timely filed as newly discovered evidence, the successive rule 3.851 motion was required to have been filed within one year of the date upon which the claim became discoverable through due diligence.” Jimenez v. State, 997 So.2d 1056, 1064 (Fla.2008). Taking Lukehart’s allegations as true, the testimony that prompted Lukehart’s motion was given on May 9, 2007. Accordingly, the motion should have been filed no later than May 9, 2008.[1] Furthermore, Lukehart’s assertion that counsel was unaware that he was on medication until the evidentiary hearing is clearly refuted by the record because Dr. Krop, whose testimony spurred the instant motion, evaluated Lukehart for mental health related issues before he was tried. In fact, Lukehart’s motion states, “Mr. Edwards, Lukehart’s trial counsel, knew Lukehart was on medication .... [and that] Dr. Crown informed postconviction counsel that Lukehart had been taking three medications.” Based on these facts, the postconviction court properly found that Lukehart’s motion was time-barred. Accordingly, we find that the lower court properly summarily denied Lukehart’s claim.[2]
It is so ordered.
*137 POLSTON, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ„ concur.
CANADY, J., concurs in result.
QUINCE, J., recused.

. Lukehart filed a motion to amend his initial postconviction motion on June 1, 2007, which this Court found was properly denied because he should have filed a successive motion.

. We find without merit Lukehart's assertion that the lower court should have reviewed his petition under rule 3.850. Lukehart argues that this Court's ruling on his claim regarding *137 the postconviction court's denial of his motion to amend his initial postconviction motion after the evidentiary hearing should have required the postconviction court to accept his claim under rule 3.850(f). The postcon-viction court was not bound by this Court’s opinion to review Lukehart’s successive motion under rule 3.850.